[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Reference is made to the Memorandum of Decision in Tolland Judicial District No. CV 93-54493 S, (Merrimack Sheet Metal, Inc. v. Vigilant Insurance Co.).
In this case, Ultimate seeks damages for losses incurred as a result of Merrimack's breach of contract in failing to provide a bridge expansion joint conforming to contract specifications and which was, therefore, unusable.
Ultimate seeks compensation for loss of profit and for costs incurred in attempting to install the defective joint. It also claims the defendant is unjustly enriched by refusing to return a deposit made by the plaintiff.
The Court finds the issues for the defendant for the following reasons:
1. Deposit: The plaintiff did not introduce evidence as to the amount of deposit, if any, applicable to the bridge contract involved in this case. This claim has not been proved. CT Page 5256-NNNNNN
2. Loss of Profit: The plaintiff carries the burden of proving with a reasonable degree of certainty the profit it claims to have lost.
There was testimony that Ultimate's bid to the State of Connecticut for this particular joint was $28050, that Merrimack had contracted to provide the part for $15806 and that it would have cost an estimated $2000 to install it for a lost profit of $10244.
The substitute joint was installed for approximately $1500 with a nominal profit of approximately $100 to Ultimate. This claim has not been proven with sufficient reasonable reliability. Ultimate claims it spent almost $6000 in an effort to install the original defective joint. It seems move likely than not that it would cost substantially more than $2000 to install even if it did meet specifications. Besides, the decision to replace the defective joint without giving Merrimack the opportunity to correct was a judgment call made by Ultimate. While it was reasonable under all the circumstances, when that decision was made Ultimate knew it was giving up any profit on that aspect of the bridge job and opted to do so in order to be sure of finishing the job with out further unanticipated delay.
In Vine v. Orchard Hills, Inc., 181 Conn. 501, 507 (1980), our Supreme Court has stated that a claim for restitution in a contract action, although legal in form, is equitable in nature and a trial court may balance the equities. Further, to paraphrase the testimony of Angelo Albini, the president and owner of Ultimate, sometimes in this business where mistakes happen, you have to accept the loss and walk away from it. The Court concludes that it would be unfair under all the circumstances of this case to impose am additional penalty on Merrimack. It's loss, while due primarily to its own negligence is comparable to the loss claimed by Ultimate. These losses were compounded by the failure of anyone involved with these drawings to notice the defect in them.
3. Back Charges: The Court concludes that Ultimate did not do all it could have reasonably done to minimize the costs of trying to install the bridge joint. It could have immediately contacted Merrimack, but rather, spent several days trying to make the joint fit, in meetings with engineers, in devising alternate proposals to either repair to replace the joint. These efforts, while done in good faith, did not mitigate the damages incurred CT Page 5256-OOOOOO by Merrimack. The Court is also mindful of the equitable considerations referred to herein.
Accordingly, judgment shall enter for the defendant.
Klaczak, J.